Kesner was terminated for "having relationships with clients that the firm did not wish to associate with."

146.    Upon information and belief, Defendant HB has knowingly communicated these false and defamatory statements about Plaintiff Kesner in order to harm Plaintiff Kesner's business relationships and reputation in the legal community.

## AS AND FOR A FIRST CAUSE OF ACTION AGAINST DEFENDANT HB – BREACH OF 2 YEAR COMPENSATION AGREEMENT AND PARTNERSHIP AGREEMENT

147.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 146 as if fully set forth herein.

148.    The 2 Year Compensation Agreement and the Partnership Agreement were both valid and binding contracts between Plaintiff Kesner and Defendant HB regarding Plaintiff Kesner's compensation.

149.    Defendants' unilateral termination of Plaintiff Kesner constitutes a breach of the 2 Year Compensation Agreement and the Partnership Agreement.

150.    Plaintiff Kesner urged Defendants to reconsider their precipitous decision to remove Plaintiff Kesner from the Partnership and thereby anticipatorily breach the 2 Year Compensation Agreement and the Partnership Agreement.

151.    Defendants refused to retract their decision to forcibly remove Plaintiff Kesner from the Partnership.

152.    Defendants unequivocally informed Plaintiff Kesner in February 2009 that they were unwilling to perform the remainder of the 2 Year Compensation Agreement, which was set to expire by its terms on December 31, 2009.

153.    Defendants' acts and omissions have served to damage Plaintiff Kesner's reputation.

154.    Defendants' acts have been motivated by a desire to take Plaintiff Kesner's law practice and clients away from him.

155.    Defendants' acts and omissions have served to damage Plaintiff Kesner financially.

156.    Defendants' acts and omissions have served to damage Plaintiff Kesner's lifetime earning capacity.

157.    As a result of the foregoing, Plaintiff Kesner has been damaged in an amount to be determined at trial, but believed to exceed fifteen million ($15,000,000.00) dollars.

## AS AND FOR A SECOND CAUSE OF ACTION AGAINST DEFENDANT HB - BREACH OF PARTNERSHIP AGREEMENT (Wrongful Expulsion)

158.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 157 as if fully set forth herein.

159.    Pursuant to Section 5.03 of the Partnership Agreement, a Partner may only be expelled by "Approval of the Partners."

160.    Approval of the Partners, as defined in the Partnership Agreement, is the affirmative approval of the Partners who own aggregate Partnership Percentage Interest equal to or greater than seventy-five (75%) percent.

161.    Upon information and belief, Plaintiff Kesner was forcibly removed without formal Approval of the Partners.

162.    The Bylaws state, _inter alia_, that Executive Committee Members' determinations regarding admissions or expulsions of Partners are subject to the ratification of the Board of Directors and are also subject to the provisions set forth in Section 4.06 of the Partnership Agreement, which states that "when action by the Firm is required, including (i) to admit

new Partners (ii) to expel Partners, and (iii) to terminate the Partnership, the action may be taken by the Approval of the Partners at a meeting called to consider the particular action".

163.    Upon information and belief, no such ratification was obtained, nor did Defendants comply with Section 4.06 of the Partnership Agreement, before forcibly removing Plaintiff Kesner from the Partnership.

164.    Defendants never notified Plaintiff Kesner that Defendant HB was scheduling a Partnership Meeting to expel or terminate Plaintiff Kesner as a Partner from the Partnership.

165.    Defendants' acts and omissions have served to damage Plaintiff Kesner's reputation.

166.    Defendants' acts have been motivated by a desire to take Plaintiff Kesner's law practice and clients away from him.

167.    Defendants' acts and omissions have served to damage Plaintiff Kesner financially.

168.    Defendants' acts and omissions have served to damage Plaintiff Kesner's lifetime earning capacity.

169.    As a result of the foregoing, Plaintiff Kesner has been damaged in an amount to be determined at trial, but believed to exceed fifteen million ($15,000,000.00) dollars.

## AS AND FOR A THIRD CAUSE OF ACTION AGAINST DEFENDANT HB - BREACH OF PARTNERSHIP AGREEMENT (Failure to Take Required Vote)

170.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 169 as if fully set forth herein.

171.    Section 4.04 of the Partnership Agreement expressly provides that each Partner has voting power equal to his Partnership Percentage Interest at the time a vote is taken.

172.    Upon information and belief, no Partner was given the opportunity to exercise their right

to vote on whether to remove Plaintiff Kesner from the Partnership.

173.    Upon information and belief, no vote of the Partnership of Defendant HB whatsoever has ever been taken by the Partnership regarding the removal of Plaintiff Kesner from the Partnership.

174.    Upon information and belief, no notice of a Partnership Meeting regarding his termination was every given to Plaintiff Kesner.

175.    Additionally, pursuant to Section 4.06(a) of the Partnership Agreement, "when action by the Firm is required, including (i) to admit new Partners (ii) to expel Partners, and (iii) to terminate the Partnership, the action may be taken by the Approval of the Partners at a meeting called to consider the particular action."

176.    Upon information and belief, no such meeting was ever held prior to Plaintiff Kesner being forcibly removed from the Partnership and Plaintiff Kesner was never given notice of such a meeting

177.    Defendants' acts and omissions have served to damage Plaintiff Kesner's reputation.

178.    Defendants' acts have been motivated by a desire to take Plaintiff Kesner's law practice and clients away from him.

179.    Defendants' acts and omissions have served to damage Plaintiff Kesner financially.

180.    Defendants' acts and omissions have served to damage Plaintiff Kesner's lifetime earning capacity.

181.    As a result of the foregoing, Plaintiff Kesner has been damaged in an amount to be determined at trial, but believed to exceed fifteen million ($15,000,000.00) dollars.

## AS AND FOR A FOURTH CAUSE OF ACTION AGAINST DEFENDANT HB - BREACH OF PARTNERSHIP AGREEMENT (Wrongful Transfer of Partner's Interest)

182.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 181 as if fully set forth herein.

183.    Upon information and belief, Defendants undertook the following precipitous and unauthorized actions in furtherance of Plaintiff Kesner's termination:

   a)  Sent a written directive to Plaintiff Kesner prohibiting him from accepting new clients or working on new matters;

   b)  Terminated Associates, Of Counsel, and other administrative staff working for Plaintiff Kesner; and

   c)  Deprived Plaintiff Kesner of access to the Firm's resources to continue, maintain, and pursue his practice and to service his clients.

184.    Pursuant to Section 11.03 of the Partnership Agreement, "no Partner and no one acting by authority of or for a Partner may, without the express written consent of the Executive Committee, pledge, hypothecate, or in any manner transfer his interest in the Partnership, or his interest in any of its assets, receivables, records, documents, files or clientele. All such rights and interest of each Partner are personal to him or her and are non-transferable and non-assignable."

185.    Defendant HB seized and converted without authorization to its own, and the other remaining Partners' benefit, Plaintiff Kesner's Partnership interest in order to divert to their own benefit the valuable distributions, allocations, and rights to assets and receivables emanating therefrom owned by Plaintiff Kesner as a Partner, and to the documents, files, and clientele associated with Plaintiff Kesner.

186.    The acts by Defendants to deprive Plaintiff Kesner from access to his office and the contents therein caused severe and irreparable damage to Plaintiff Kesner's relationships with his clients, and his reputation in the legal community.

187.    Defendants' acts and omissions have served to damage Plaintiff Kesner's reputation.

188.    Defendants acts have been motivated by a desire to take Plaintiff Kesner's law practice and clients away from him.

189.    Defendants' acts and omissions have served to damage Plaintiff Kesner financially.

190.    Defendants' acts and omissions have served to damage Plaintiff Kesner's lifetime earning capacity.

191.    As a result of the foregoing, Plaintiff Kesner has been damaged in an amount to be determined at trial, but believed to exceed fifteen million ($15,000,000.00) dollars.

## AS AND FOR A FIFTH CAUSE OF ACTION AGAINST DEFENDANT HB - BREACH OF PARTNERSHIP AGREEMENT (Unauthorized Withdrawal from Plaintiff Kesner's Capital Account)

192.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 191 as if fully set forth herein.

193.    Pursuant to the 2 Year Compensation Agreement, Plaintiff Kesner was entitled to receive a bonus in the amount of $100,000.00 for staying with Defendant HB through January 2009.

194.    Plaintiff Kesner received a payment of $100,000.00 in January 2009, which Defendant HB characterized as payment of the January 2009 bonus.

195.    Plaintiff Kesner subsequently discovered that the payment of $100,000.00, which he had been informed was payment of the bonus, had in fact actually been drawn from his Capital account.

196.    Plaintiff Kesner neither requested a withdrawal of $100,000.00 from his Capital account, nor did Defendants advise Plaintiff Kesner at any time that such a withdrawal from his Capital account was being made.

197.    Defendants were not authorized to make this withdrawal from Plaintiff Kesner's Capital account.

198.    The $100,000.00 dispersed to Plaintiff Kesner, under the initial guise of it being his second bonus payment, was in violation of the express provisions of the Partnership Agreement regarding Capital account withdrawals.

199.    As a result of the foregoing, Plaintiff Kesner has been damaged in the amount of one hundred thousand ($100,000.00) dollars, plus accrued interest thereon.

## AS AND FOR A SIXTH CAUSE OF ACTION AGAINST DEFENDANT HB – BREACH OF THE PARTNERSHIP AGREEMENT
### (Defendants' Failure to Remit Earned Distribution)

200.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 199 as if fully set forth herein.

201.    Pursuant to the Partnership Agreement, "each partner shall share in all net profits and losses of the Firm based on that Partner's Percentage Interest."

202.    Plaintiff Kesner received distributions in arrears on a semi-monthly basis.

203.    Plaintiff Kesner was a Partner in Defendant HB until March 13, 2009 and was owed his first distribution for the month of March.

204.    Defendants deposited Plaintiff Kesner's semi-monthly draw for the month of March into his bank account on March 13, 2009 in the amount of $39,145.82. Later that day, Defendants somehow reversed the deposit without Plaintiff Kesner's permission.

205.    Based upon the foregoing, Defendants have failed to pay Plaintiff Kesner the initial distribution owed to him for work performed during the first half of March 2009.

206.    As a result of the foregoing, Plaintiff Kesner has been damaged in an amount to be determined at trial, but believed to exceed thirty nine thousand one hundred forty-five ($39,145.82) dollars and eighty-two cents, plus accrued interest thereon.

### AS AND FOR A SEVENTH CAUSE OF ACTION AGAINST DEFENDANTS – COMMON LAW FRAUD

207.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 206 as if fully set forth herein.

208.    Upon information and belief, Defendants attempted to, and did in fact, defraud Plaintiff Kesner, by knowingly:

    a)    entering into the 2 Year Compensation Agreement with Plaintiff Kesner, whereby Plaintiff Kesner was to receive a bonus of $100,000.00 in January 2008 and a bonus of $100,000.00 in January 2009;

    b)    agreeing that these bonuses would come from Defendant HB's revenues;

    c)    paying Plaintiff Kesner's January 2008 bonus out of Defendant HB's revenues;

    d)    withdrawing $100,000.00 from Plaintiff Kesner's Capital account in or around January 2009 without obtaining authority from Plaintiff Kesner to do so;

    e)    representing to Plaintiff Kesner that the $100,000.00 withdrawn from Plaintiff Kesner's Capital account was the January 2009 bonus owed to Plaintiff Kesner pursuant to the 2 Year Compensation Agreement, which was supposed to be paid out from the firm's revenues; and

    f)    deliberately misleading Plaintiff Kesner about the deceitful nature of

- 29 -

Defendants' activities, namely the $100,000.00 being charged to Plaintiff Kesner's Capital account instead of being a bonus from Defendant HB's revenues

209.    Defendants knowingly made representations regarding the $100,000.00 bonus payable in January 2009 to Plaintiff Kesner that were material and false.

210.    When Defendants made these representations to Plaintiff Kesner, Defendants knew the representations were false.

211.    Defendants made these representations with the intent that Plaintiff Kesner rely upon and act upon the misrepresentations.

212.    Plaintiff Kesner's reliance on the representations of Defendants caused economic injury to Plaintiff Kesner, especially to his law practice

213.    As a result of the foregoing, Plaintiff Kesner has been damaged in the amount of one hundred thousand ($100,000.00) dollars, plus interest accrued thereon.

214.    In perpetrating this fraud upon Plaintiff Kesner, Defendants are guilty of oppression, fraud and malice, and have acted in conscious disregard of Plaintiff Kesner's rights, entitling Plaintiff Kesner to recover punitive damages in an amount to be determined at trial, but believed to exceed five million ($5,000,000.00) dollars.

## AS AND FOR AN EIGHTH CAUSE OF ACTION AGAINST DEFENDANT HB – QUANTUM MERUIT

215.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 214 as if fully set forth herein.

216.    At all relevant times, Plaintiff Kesner provided valuable services to Defendant HB.

217.    Defendant HB accepted Plaintiff Kesner's services.

218.    Defendant HB had reasonable notice that Plaintiff Kesner expected to be compensated for his services.

219.    Pursuant to the 2 Year Compensation Agreement, Plaintiff Kesner was a Partner in Defendant HB until March 13, 2009 and was owed his first distribution for the month of March for valuable services provided.

220.    Defendants deposited Plaintiff Kesner's semi-monthly draw for the month of March into his bank account on March 13, 2009 in the amount of $39,145.82.    Later that day, Defendants reversed the deposit.

221.    Plaintiff Kesner was entitled to receive a bonus in the amount of $100,000.00 for services provided to Defendant HB through January 2009.

222.    Plaintiff Kesner received a payment of $100,000.00 bonus in January 2009, which Defendant HB characterized as payment of the January 2009 bonus.

223.    Plaintiff Kesner subsequently discovered that the payment of $100,000.00, which he had been informed was payment of the bonus, had in fact actually been drawn from his Capital account.

224.    Plaintiff Kesner neither requested a withdrawal of $100,000.00 from his Capital account, nor did Defendants advise Plaintiff Kesner that such a withdrawal from his Capital account was being made.

225.    Defendants were not authorized to make this withdrawal from Plaintiff Kesner's Capital account.

226.    The $100,000.00 dispersed to Plaintiff Kesner, under the initial guise of it being his second bonus payment, was in violation of the express provisions of the Partnership

Agreement regarding Capital account withdrawals.

227.   Based upon the foregoing, Defendants have failed to pay Plaintiff Kesner the initial

distribution owed to him for work performed during the first half of March 2009 and his

second bonus payment in the amount of $100,000.00.

228.   As a result of the foregoing, Plaintiff Kesner has been damaged in an amount to be

determined at trial, but believed to exceed one hundred thirty nine thousand one hundred

forty-five ($139,145.82) dollars and eighty-two cents, plus accrued interest thereon.

## AS AND FOR A NINTH CAUSE OF ACTION AGAINST DEFENDANT HB – PROMISSORY ESTOPPEL

229.   Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1

through 228 as if fully set forth herein.

230.   Defendant HB made a promise to Plaintiff Kesner to carry out all of the terms of the 2

Year Compensation Agreement, including the payment of a bonus in the amount of

$100,000.00 in January 2009.

231.   Plaintiff Kesner reasonably and substantially relied upon Defendant HB's promise to his

detriment.

232.   Plaintiff Kesner's reliance upon Defendant HB's promise was foreseeable by Defendant

HB.

233.   Injustice can be avoided only by enforcing Defendant HB's promise for all sums due to

Plaintiff Kesner for the balance of 2009 pursuant to the 2 Year Compensation Agreement,

including without limitation, payment of the $100,000.00 bonus, plus accrued interest

thereon.

## AS AND FOR AN TENTH CAUSE OF ACTION AGAINST DEFENDANTS – BREACH OF FIDUCIARY DUTY

234.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 233 as if fully set forth herein.

235.    In entering into the Partnership Agreement with Plaintiff Kesner, Plaintiff Kesner reposed trust and confidence in the Defendants, to among other things, deal with him fairly in all of their affairs.

236.    Defendants knew of and accepted such trust and confidence at the time they entered into the Partnership Agreement and 2 Year Compensation Agreement with Plaintiff Kesner.

237.    Plaintiff Kesner reposed his trust and confidence in Defendants and reasonably relied on the Defendants' superior knowledge and expertise in managing the Firm and each Partner's individual Capital accounts and compensation.

238.    At all relevant times, Defendant HB owed a fiduciary duty of loyalty to Plaintiff Kesner as a member of its Partnership to act in Plaintiff Kesner's best interest.

239.    At all relevant times, Defendant Conner, as the Managing Partner and CEO of Defendant HB, as a member of the Board of Directors, and as a member of the Executive Committee of HB who exercised a great deal of authority and control over the HB Partnership, owed a fiduciary duty to act in Plaintiff Kesner's best interest.

240.    Defendants breached their fiduciary duty to Plaintiff Kesner by terminating Plaintiff Kesner from the Partnership in direct violation of the Partnership Agreement and the 2 Year Compensation Agreement.

241.    Defendants breached their fiduciary duty to Plaintiff Kesner by making a $100,000.00 withdrawal from Plaintiff Kesner's Capital account without his knowledge, authority, or

permission.

242.    Defendants breached their fiduciary duty to Plaintiff Kesner by representing to Plaintiff that the withdrawal from his Capital account was actually the 2009 bonus owed to him pursuant to the 2 Year Compensation Agreement.

243.    Defendants' acts and omissions have served to damage Plaintiff Kesner's reputation.

244.    Defendants' acts have been motivated by a desire to take Plaintiff Kesner's law practice and clients away from him.

245.    Defendants' acts and omissions have served to damage Plaintiff Kesner financially.

246.    Defendants' acts and omissions have served to damage Plaintiff Kesner's lifetime earning capacity.

247.    As a result of the foregoing, Plaintiff Kesner has been damaged in an amount to be determined at trial, but believed to exceed fifteen million ($15,000,000.00) dollars.

## AS AND FOR AN ELEVENTH CAUSE OF ACTION AGAINST DEFENDANTS - TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS

248.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 247 as if fully set forth herein.

249.    Prior to joining Defendant HB, Plaintiff Kesner had established a successful law practice and had developed numerous business relationships, all of which he brought to Defendant HB.

250.    Once Plaintiff Kesner joined HB as a Partner in 2007, Plaintiff Kesner's clients and business contacts produced significant revenues and profit for Defendant HB during Plaintiff Kesner's tenure with Defendant HB.

251.    Defendants were aware of Plaintiff Kesner's strong relationships with financial and corporate clients, which was an important reason why Defendant HB recruited Plaintiff Kesner to join its firm as a Partner.

252.    After Defendants' breached the Partnership Agreement by forcibly removing Plaintiff Kesner from the Partnership, Defendants intentionally interfered with Plaintiff Kesner's business relationships by depriving Plaintiff Kesner from access to his office and preventing him from fulfilling the duties owed to Plaintiff Kesner's clients.

253.    Defendants also intentionally published false statements regarding Plaintiff Kesner's separation from Defendant HB.

254.    Moreover, Defendant HB tortiously interfered with Plaintiff Kesner's business relationships by dissuading Plaintiff Kesner's clients from retaining Plaintiff Kesner as their legal counsel after Plaintiff Kesner was terminated from Defendant HB.

255.    Defendants' tortious interference with Plaintiff Kesner's business relations proximately caused economic injury to Plaintiff Kesner through damages to his law practice and caused Plaintiff Kesner to suffer meaningful actual damages.

256.    Plaintiff Kesner's actual damages resulted from Defendants' malice and/or actual fraud which entitle Plaintiff Kesner to exemplary damages pursuant to Texas Civil Practice and Remedies Code Section 41.003(a).

257.    As a result of the foregoing, Plaintiff Kesner has been damaged in an amount to be determined at trial, but believed to exceed fifteen million ($15,000,000.00) dollars.

## AS AND FOR A TWELFTH CAUSE OF ACTION AGAINST DEFENDANT HB – DEFAMATION

258.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1

through 257 as if fully set forth herein.

259.  At all relevant times, Plaintiff Kesner was and still is a licensed attorney in the State of New York.

260.  At all relevant times, Plaintiff Kesner has conducted business as an attorney in the State of New York prior to the utterance of the false and defamatory words hereinafter set forth, and has always borne a good reputation and credit as an attorney, businessman, and otherwise.

261.  That in or around May 2010, a Partner in Defendant HB, in the presence of one or more persons maliciously spoke of and concerning Plaintiff Kesner and his business and trade as an attorney, the following words "Harvey is dirty."

262.  In or around May 2010, a Partner in Defendant HB, in the presence of one or more persons, maliciously spoke of and concerning Plaintiff Kesner and his business and trade as an attorney, the following words "Harvey was terminated due to questionable ethical practices."

263.  In or around May 2010, a Partner in Defendant HB, in the presence of one or more persons maliciously spoke of and concerning Plaintiff Kesner and his business and trade as an attorney, the following words "Harvey had relationships with clients that the firm did not wish to associate with."

264.  That the words so spoken were false and defamatory, were known to Defendant HB to be false and defamatory, and were spoken willfully and maliciously with the intent to damage Plaintiff Kesner's good name, reputation, and credit as an attorney.

265.  That by reason of the words so spoken by Defendant HB, Plaintiff Kesner has been

injured in his good name and reputation as an attorney and has suffered great pain and mental anguish, and has been help up to ridicule and contempt by his clients, colleagues, and the public, all to his damage in an amount to be determined at trial, but believed to exceed fifteen million ($15,000,000.00) dollars.

## AS AND FOR A THIRTEENTH CAUSE OF ACTION AGAINST DEFENDANT HB-CONVERSION

266.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 265 as if fully set forth herein.

267.    At all relevant times, Plaintiff Kesner was, and still is, entitled to the possession of his clientele, files, records, documents, assets, and receivables.

268.    In or around February and March 2009, Defendants took Plaintiff Kesner's clientele, files, records, documents, assets, and receivables from Plaintiff Kesner's possession and converted same for Defendants' own use.

269.    In or around February and March 2009, Plaintiff Kesner demanded the immediate return of his clientele, files, records, documents, assets, and receivables but Defendants failed and refused, and Defendants continue to fail and refuse to return the property to Plaintiff Kesner.

270.    Defendants' acts have served to damage Plaintiff Kesner's reputation.

271.    Defendants' acts have been motivated by a desire to take Plaintiff Kesner's law practice and clients away from him.

272.    Defendants' acts have served to damage Plaintiff Kesner financially.

273.    Defendants' acts have served to damage Plaintiff Kesner's lifetime earning capacity.

274.    As a result of the foregoing, Plaintiff Kesner has been damaged in an amount to be

determined at trial, but believed to exceed fifteen million ($15,000,000.00) dollars.

## AS AND FOR A FOURTEENTH CAUSE OF ACTION AGAINST DEFENDANT HB-ACCOUNTING

275.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 274 as if fully set forth herein.

276.    As a result of Defendants' actions, Plaintiff Kesner has been wrongfully excluded from the affairs of the Partnership.

277.    As a result of Defendants' actions, Plaintiff Kesner has been wrongfully excluded from access to Partnership property.

278.    Defendants' actions were without written or verbal justification.

279.    Upon information and belief, Defendants' actions were willful.

280.    Title 4, Chapter 153 of the Texas Business Organizations Code, Limited Partnerships law, Section 153.551 provides, in pertinent part, as follows:

A.    A domestic limited partnership shall maintain the following records in its principal office in the United States or make the records available in that office not later than the fifth day after the date on which a written request under Section 153.552(a) is received:

- - -

5.    Unless contained in the written partnership agreement, a written statement of:

a. The amount of the cash contribution and a description and statement of the agreed value of any other contribution made by each partner

- - -

6.      books and records of the accounts of the limited partnership

281.    Plaintiff Kesner is entitled to a prompt accounting of the business and assets of the Partnership in accordance with Texas Business Organizations Code, Limited Partnerships law, and to the payment of his share of such business and assets.

282.    Plaintiff Kesner has no adequate remedy at law.

## AS AND FOR A FIFTEENTH CAUSE OF ACTION AGAINST DEFENDANT HB - ATTORNEYS' FEES

283.    Plaintiff Kesner repeats and realleges each and every allegation set forth in paragraphs 1 through 282 as if fully set forth herein.

284.    Pursuant to § 38.001, *et seq.* of the Texas Civil Practice & Remedies Code, Plaintiff Kesner seeks to recover his attorneys' fees incurred in the prosecution of his claims against Defendants.

285.    Plaintiff Kesner is entitled to recover any attorneys' fees he reasonably and necessarily incurs in this lawsuit because of Defendant HB's breach of contract.

286.    Plaintiff Kesner is entitled to recover any attorneys' fees he reasonably and necessarily incurs in this lawsuit under the theory of quantum meruit.

## CONDITIONS PRECEDENT

287.    All conditions precedent to Plaintiff Kesner's claims for relief against Defendants have been sought, satisfied or waived.

**WHEREFORE**, Plaintiff Kesner, hereby respectfully request Judgment against Defendants as follows:

(1)   On the First Cause of Action for Breach of the 2 Year Compensation Agreement and the Partnership Agreement, for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed fifteen million ($15,000,000.00) dollars;

(2)   On the Second Cause of Action for Breach of the Partnership Agreement, for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed fifteen million ($15,000,000.00) dollars;

(3)   On the Third Cause of Action for Breach of the Partnership Agreement, for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed fifteen million ($15,000,000.00) dollars;

(4)   On the Fourth Cause of Action for Breach of the Partnership Agreement, for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed fifteen million ($15,000,000.00) dollars;

(5)   On the Fifth Cause of Action for Breach of the Partnership Agreement, for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed one hundred thousand ($100,000.00) dollars, plus interest accrued thereon;

(6)   On the Sixth Cause of Action for Breach of the Partnership Agreement, for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed thirty nine thousand one hundred forty-five ($39,145.82) dollars and eighty-two cents, plus interest accrued thereon;

(7)   On the Seventh Cause of Action for Common Law Fraud, for Plaintiff Kesner and against Defendants, for Plaintiff Kesner and against Defendants in an amount to

be determined, but believed to exceed one hundred thousand ($100,000.00) dollars, plus interest accrued thereon;

(8)     On the Eighth Cause of Action for Quantum Meruit, for Plaintiff Kesner and against Defendants in the amount of one hundred thirty-nine thousand one hundred forty five ($139,145.82) dollars and eighty-two cents, plus accrued interest thereon.

(9)     On the Ninth Cause of Action for Promissory Estoppel, for Plaintiff Kesner and against Defendants in an amount to be determined at trial, but believed to exceed one hundred thousand ($100,000.00) dollars, plus accrued interest thereon.

(10)    On the Tenth Cause of Action for Breach of Fiduciary Duty, for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed fifteen million ($15,000,000.00) dollars;

(11)    On the Eleventh Cause of Action for Tortious Interference with Business Relations, for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed fifteen million ($15,000,000.00) dollars;

(12)    On the Twelfth Cause of Action for Defamation for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed fifteen million ($15,000,000.00) dollars;

(13)    On the Thirteenth Cause of Action for Conversion for Plaintiff Kesner and against Defendants in an amount to be determined, but believed to exceed fifteen million ($15,000,000.00) dollars;

(14)    On the Fourteenth Cause of Action for Accounting, for Plaintiff Kesner and against Defendants;

(15)     On the Fifteenth Cause of Action for Attorneys' Fees, for Plaintiff Kesner and

against Defendants;

and for the costs, fees and, where appropriate, reasonable attorneys' fees and expenses of this

action, together with such other and further relief as the Court deems just and proper

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff Kesner demands a trial

by jury on all claims properly triable by a jury.

Dated: New York, New York
      May 14, 2010

                                  Yours, etc.

                                  DEALY & SILBERSTEIN, LLP

                                  By: _____
                                      Milo Silberstein, Esq.
                                    225 Broadway, Suite 1405
                                    New York, New York 10007
                                    (212) 385-0066
                                    *Attorneys for Plaintiff*
                                    *Harvey Kesner*